Filed 1/27/14  P. v. Brooks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059239 |
| v. | (Super.Ct.No. FBA03012) |
| EDWARD DWAYNE BROOKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Edward Dwayne Brooks appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

1

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).[1]  Defendant filed a notice of appeal on July 24, 2013.  We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by second amended information with four counts of second degree robbery (§ 211, counts 1-3, 5) and one count of carjacking (§ 215, subd. (a), count 4).  It was further alleged that, in the commission of counts 1 and 2, defendant personally used a firearm.  (Former § 12022.5, subd. (a).)  As to count 5, it was alleged that defendant personally used a deadly and dangerous weapon.  (Former § 12022.)  In addition, the information alleged that defendant suffered three robbery convictions in Tennessee that qualified as prior strikes (§ 667, subds. (b)-(i)) and serious felonies (§ 667, subd. (a)(1)), and that he had served four prior prison terms (§ 667.5, subd. (b)).

A jury found defendant not guilty of count 1, but guilty of counts 2 through 5.  It also found not true the allegation that, as to count 2, defendant personally used a gun (Former § 12022.5, subd. (a)), but found true the allegation that he used a weapon as to count 5 (Former § 12022).  A trial court found true the allegations that defendant suffered three convictions that qualified as prior strikes (§ 667, subds. (b)-(i)) and serious felonies (§ 667, subd. (a)(1)), and that he had served one prior prison term (§ 667.5, subd. (b)).  The court sentenced defendant to a total term of 89 years to life in state prison.  The

_____

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

2

sentence consisted of the indeterminate term of 27 years to life on count 4, plus two consecutive 25- year-to-life terms on counts 2 and 5; 10 years on the serious felony priors (§ 667, subd. (a)(1)); one year on the weapon enhancement (§ 12022, subd. (b)(1)); and one year on the prison prior (§ 667.5, subd. (b)).[2]

On May 3, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126.  The court denied the petition on the ground that defendant's current convictions for carjacking (§ 215) and robbery (§ 211) made him ineligible for resentencing under section 1170.126, subdivision (e)(1).

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying two potential arguable issues:  (1) whether the court erred in determining that defendant was ineligible for resentencing under section 1170.126; and (2) whether section 1170.126 allows the reviewing court to review the propriety of prior convictions to determine if they properly qualified as strike priors.

---

[2]  The court originally sentenced defendant to 25 years to life on count 3, but subsequently stayed that term under section 654.

3

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.  Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.

4